IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-78,973-01 & -02






EX PARTE STEVEN PAUL WILSON, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 7004 & 7036 IN THE 21ST DISTRICT COURT


FROM LEE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and driving while intoxicated and sentenced to imprisonment for forty-five and five years,
respectively. The Third Court of Appeals affirmed his convictions. Wilson v. State, Nos. 03-10-00394-CR & 03-10-00395-CR (Tex. App.--Austin 2011, pet. ref'd).

 Applicant contends that trial counsel rendered ineffective assistance. Applicant has alleged
facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex
parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel
to respond to Applicant's ineffective assistance of counsel claims. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 After reviewing trial counsel's response, the trial court shall make findings of fact and
conclusions of law as to whether counsel's conduct was deficient and, if so, whether Applicant was
prejudiced. The trial court shall also direct the Lee County District Clerk to forward a copy of the
reporter's record in these proceedings. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.

Filed: May 8, 2013

Do not publish